IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARTESIA SPRINGS, LLC,<br>HOD ENTERPRISES, L.P., and<br>JOHN C. COOKE, | ) ) ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | 1:17-CV-304 |
| | ) | |
| PRIMO WATER CORPORATION, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND JUDGMENT

This matter is before the Court upon the Joint Motion of Claimants Artesia Springs, LLC, HOD Enterprises, L.P., and John C. Cooke (collectively, "Claimants") and Respondent Primo Water Corporation ("Respondent" or "Primo," and collectively with Claimants, the "Parties") to Dismiss With Prejudice and to Seal the Record. As the parties have settled their dispute, the Court will grant the motion to the extent it seeks dismissal with prejudice. However, the motion to seal the record will be denied.

Sealing an entire case is an extraordinary act. As the Fourth Circuit has noted, "it would be an unusual case in which alternatives could not be used to preserve public access to at least a portion of the record." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988); *see also Tustin v. Motorists Mut. Ins. Co.*, 668 F. Supp. 2d 755, 760-61 (N.D.W. Va. 2009) (denying motion to seal entire file after settlement).

Beyond the statement in the motion that the materials contain confidential and commercially-sensitive business information, the parties have made no showing that any

of the information in the materials should be kept from public view. While "the parties'

stipulation or representation to the Court that documents contain confidential business

information can be considered as some evidence" that the documents are proprietary, the

parties cannot by agreement overcome the public's right of access to judicial records.

*Cochran v. Volvo Grp. N. Am., LLC,* 931 F.Supp.2d 725, 730 (M.D.N.C. 2013); *see In re*

*Violation of Rule 28(D)*, 635 F.3d 1352, 1358 (Fed. Cir. 2011); *Sensormatic Sec. Corp. v.*

*Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 437-38 (D. Md. 2006). Instead, the

parties must show a compelling interest that heavily outweighs the public's interest in

openness. *E.g.*, *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 2004).

The Court has reviewed the motion to confirm arbitration award, Doc. 1, and it

contains nothing on its face which appears to be confidential. The Distributorship

Agreements, Docs. 1-1, 1-2, reference other confidential information but do not contain

any statements or promises about keeping the Distributorship Agreements themselves

confidential. It is possible that some of the findings in the arbitration decision, Doc. 1-3,

reveal confidential information, but the parties have made no effort to identify those

portions for the Court and it is obvious that some of the findings in the opinion are

already well-known and public. There are many less drastic alternatives to sealing the

entire file. *See Doe v. Public Citizen*, 749 F.3d 246, 272 (4th Cir. 2014); *Stone*, 855 F.2d

at 182. The parties have not satisfied their heavy burden to show that the entire court file

should be sealed.

It is hereby **ORDERED AND ADJUDGED** that the motion to dismiss, Doc. 3, is

**GRANTED** and that this action is dismissed with prejudice.

2

It is further **ORDERED** that the motion to seal, Doc. 3, is **DENIED**.

This the 20th day of April, 2017.

_____

UNITED STATES DISTRICT JUDGE

3